IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN STONER, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No.   2:22-cv-795 |
| v. | ) | |
| | ) | |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

NOW, comes the Defendant, State Farm Fire and Casualty Company ("State Farm"), by and through its attorneys, Burns White LLC, and files this Notice of Removal pursuant to 28 U.S.C. §1441, *et seq*.  State Farm submits that the United States District Court for the Western District of Pennsylvania has original diversity jurisdiction over this civil action and this matter may be removed to the District Court in accordance with the procedures provided at 28 U.S.C. §1446.  In further support of this Notice of Removal, State Farm Fire and Casualty Company states as follows:

1.  Plaintiff Justin Stoner filed a Complaint in the Court of Common Pleas of Lawrence County on or about May 2, 2022.  A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit A.

2.  On May 16, 2022, Plaintiff filed an Affidavit of Service.  A true and correct copy of the Affidavit of Service is attached hereto as Exhibit B.

3.  Upon information and belief, Exhibits A and B constitute all of the pleadings, processes, and orders which were filed in connection with the state court action.

**Complete Diversity Exists**

4. The Complaint states that Plaintiff is a resident of Pennsylvania. <u>See</u> Exhibit A at ¶ 1.

5. Both at the time that Plaintiff initiated this action and at the time of this Removal, Plaintiff was and is a citizen of Pennsylvania.

6. State Farm Fire and Casualty Company is not a Pennsylvania corporation, nor does State Farm Fire and Casualty Company have its principal place of business in Pennsylvania.

7. Rather, State Farm Fire and Casualty Company is a mutual insurance company organized under the laws of Illinois, with its principal place of business at 1 State Farm Plaza, Bloomington, Illinois, 61701.

8. Both at the time Plaintiff initiated this action and at the time of this removal, State Farm Fire and Casualty Company was and is a citizen of Illinois.

**The Amount in Controversy is Satisfied**

9. Plaintiff alleges that he is entitled to benefits for the total loss of his home as a result of a fire, pursuant to a State Farm homeowners' insurance policy ("Policy"). <u>See</u> Exhibit A at ¶¶ 37-51.

10. The Policy provided $250,300 in dwelling coverage, $187,725 in personal property coverage, and $75,090 in loss of use coverage, subject to all of the terms and conditions of the Policy. <u>See</u> Exhibit A of Exhibit A

11. Plaintiff further alleges that State Farm violated Pennsylvania's bad faith statute, 42 Pa. C.S.A. § 8371. <u>See</u> Exhibit A at ¶¶ 53-69.

12. Pennsylvania's bad faith statute, 42 Pa. C.S.A. § 8371, permits the recovery of punitive damages, interest, and attorney's fees.

13. The Third Circuit Court of Appeals has held that "attorneys' fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action." Suber v. Chrysler Corp., 104 F.3d 578 (3d Cir. 1997).

14. In Suber, the Third Circuit found that it was reasonable to assume that at least $10,000 in attorney's fees would be incurred for purposes of determining the amount in controversy.

15. Similarly, punitive damages are properly considered in determining the amount in controversy for the purpose of determining whether the jurisdictional amount has been satisfied. See Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir. 1993).

16. Courts within the Third Circuit have held that removal is proper where punitive damages based upon a multiplier of the alleged compensatory damages is sufficient to meet the amount in controversy. See Hatchigan v. State Farm Ins. Co., 2013 WL 3479436 (E.D. Pa. July 11, 2013); Harvey v. United States Life Ins. Co., 2008 WL 2805608 (E.D. Pa. 2008).

17. As Plaintiff alleges that he is entitled to benefits pursuant to a State Farm homeowners' insurance policy that provided $250,300 in dwelling coverage, $187,725 in personal property coverage, and $75,090 in loss of use coverage, as well as punitive damages, interest, and attorney's fees, the amount in controversy exceeds the jurisdictional requirement of $75,000.

## Diversity Jurisdiction is Proper

18. Because Plaintiff and State Farm are citizens of different states, and because the amount in controversy exceeds $75,000, the United States District Court for the Western District of Pennsylvania has original jurisdiction over this matter. See 28 U.S.C. §1332.

19. Section 1332 confers original jurisdiction over all civil matters where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

20. State Farm submits that this matter may be removed to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §1441, which permits removal of any civil action to the district courts that have original jurisdiction.

21. State Farm shall give notice to all parties of the filing of this Notice as required by 28 U.S.C. § 1446(d).

22. A copy of this Notice will be filed with the Department of Court Records of the Court of Common Pleas of Lawrence County as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant, State Farm Fire and Casualty Company, removes this civil action to the United States District Court for the Western District of Pennsylvania, pursuant to 28 U.S.C. §1441.

Respectfully submitted,

BURNS WHITE LLC

By:＿＿＿Daniel J. Twilla＿＿＿＿＿＿＿＿
Daniel J. Twilla (PA I.D. #93797)
E-mail:  djtwilla@burnswhite.com
Daniel Inadomi (PA I.D. 312984)
E-mail:  dwinadomi@burnswhite.com
48 26th Street
Pittsburgh, PA  15222
(412) 995-3286 – Direct
(412) 995-3300 – Fax
*Attorneys for Defendant,*
*State Farm Fire and Casualty Company*

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on June 1, 2022, the within **NOTICE OF REMOVAL** was served via electronic mail upon the following:

David C. Brumfield, Esq.
dbrumfield@alpernschubertlaw.com
AlpernSchubert PC
310 Grant Street, Suite 2727
Pittsburgh, PA 15219


/s/ Daniel J. Twilla
Daniel J. Twilla